## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-1764 JCH |
| | ) | |
| SHAWN KAHL, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Self-represented petitioner Brandon Shaw brings this petition for habeas corpus relief under 28 U.S.C. § 2241.  The matter is now before the Court upon petitioner's motion to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter.  *See* 28 U.S.C. § 1915.  Furthermore, for the reasons discussed below, the § 2241 petition will be summarily dismissed.

### Background

Petitioner is a pretrial detainee being held at the Macoupin County Jail in Carlinville, Illinois.  ECF No. 1 at 1.  When he filed his petition in this matter (docketed December 9, 2020), petitioner was awaiting trial in a pending criminal matter before this Court.  *See USA v. Shaw*, No. 4:20-CR-56-RWS (E.D. Mo. Jan. 22, 2020).  In that criminal matter, petitioner was charged with one count of felon in possession of a firearm on January 22, 2020.  *Id.* at ECF No. 1.  After arguments on pretrial detention at a hearing on March 11, 2020, the Court took the matter under submission and later issued an Order of Detention Pending Trial.  *Id.* at ECF Nos. 7, 20.  On December 15, 2020, after this case was filed, petitioner changed his plea to guilty on the single criminal charge.  *Id.* at ECF No. 76.  He is currently awaiting sentencing, which is scheduled for

March 23, 2021.  *Id.* at ECF No. 80.  The Court notes that as of the date of this Order, there is a pending "Motion for Release from Detention Pending Sentencing" in his criminal matter.  *Id.* at ECF No. 74.

## § 2241 Petition

The petition in this matter challenges pretrial detention; "jurisdiction; prosecutorial bias; [and] conditions of detention," and is divided into four grounds for relief.  ECF No. 1 at 2, 7-8, 9-21.  Three of the grounds involve petitioner's detention hearing in his pending criminal matter, *USA v. Shaw*, No. 4:20-CR-56-RWS.  The fourth ground alleges unsafe conditions of confinement at Macoupin County Jail.

Petitioner was arrested on the single criminal charge on March 9, 2020 and the Court appointed him a federal public defender that same day at his initial appearance.  ECF No. 1 at 9-10.  He was then transported to Macoupin County Jail, where he states that he was not visited by his appointed attorney before his detention hearing on March 11.  Petitioner only spoke to his attorney, Federal Public Defender Felicia Jones, for 3-5 minutes in the jury box of the courtroom shortly before his detention hearing began.  *Id.* at 11.  According to petitioner, his hearing was only ten minutes long but during that time, Assistant United States Attorney John Bird "knowingly made false statements" about plaintiff in order to persuade the Judge to detain him.  *Id.* at 15.  After the Court ordered petitioner's pretrial detention, petitioner filed a *pro se* "Motion to Reopen Detention Hearing," arguing that the spread of COVID-19 through incarceration facilities such as the County Jail where he was being held, was creating dangerous conditions.  *Id.* at 18.  His motion was denied without prejudice, subject to refiling by appointed counsel.  Petitioner reached out to his appointed counsel by mail about his *pro se* motion and arguments in support.  His counsel responded that he had received the correspondence, but his counsel did not subsequently file anything with the Court.  *Id.* at 19.

In his first ground for relief, petitioner alleges that the Court erred in the "actual and constructive denial" of his Sixth Amendment right to effective assistance of counsel at his detention hearing when the Court appointed petitioner an attorney but did not give adequate time for consultation or preparation.  ECF No. 1 at 7, 9.  Petitioner alleges that due to the inadequate time frame, he was not informed of his rights under 18 U.S.C. § 3142(f) and his counsel took no reasonable steps to investigate and prepare to advocate against his pretrial detention.  *Id.* at 10-12.

In his second ground for relief, petitioner alleges that his appointed federal public defender provided ineffective assistance of counsel at his detention hearing, in violation of the Sixth Amendment.  As a result, petitioner was "prejudiced and unable to exercise his rights to pretrial release."  ECF No. 1 at 12.  According to petitioner, his appointed counsel Jones did not visit him at Macoupin County Jail before the detention hearing, did not inform him of his rights, did not investigate and contact potential witnesses, did not present sufficient evidence at his hearing, and did not object when Assistant U.S. Attorney Bird made false statements about him.  *Id.* at 12-14.  Petitioner states that when he was arrested on the federal criminal charge, he had been out on pretrial release with a GPS ankle monitor for about three months due to a pending state court charge.  Petitioner alleges that his behavior in abiding by all the state-court pretrial release rules, including that he had not tried to flee and he had appeared for all court proceedings, should have been sufficient evidence for him to be granted pretrial release on his federal charge.  *Id.* at 12-13.

In his third ground for relief, petitioner asserts prosecutorial misconduct and bias by Assistant U.S. Attorney John Bird when he "knowingly made false statements of material facts against Petitioner."  ECF No. 1 at 15.  These "false statements" identified petitioner as the person described by a 911 caller as "walking around the 911 caller's residence" and "exhibiting a 'dangerous weapon' or 'instrument.'"  *Id.*  Petitioner alleges that he was never positively identified and therefore Bird's statements were false.  *Id.* at 15-17.  The Court notes that regardless of whether

petitioner was the actual person described by the 911 caller, when the police responded to the call and found petitioner nearby, he admits in his guilty plea that he was carrying a gun when the police conducted a search of his person for safety. *USA v. Shaw*, No. 4:20-CR-56-RWS, ECF No. 76.

In his fourth ground for relief, petitioner alleges that the unsafe conditions of confinement at Macoupin County Jail violated his rights when he was exposed to and contracted COVID-19. ECF No. 1 at 8, 17. He alleges that the conditions continue to impose a serious risk to his life, health, and safety. *Id.* at 17. Petitioner asserts that staff at the Macoupin County Jail failed to implement and enforce prevention and mitigation measures involving the spread of COVID-19, that were suggested by the Bureau of Prisons and the Center for Disease Control and Prevention. As a result, petitioner tested positive for COVID-19 on November 8, 2020. *Id.* at 21. He has suffered injuries from the virus, including "loss of taste and smell, chills, night sweats, memory loss, hot and cold sensations, body aches, joint pain, back pain, congestion, dry throat and cough, blurred vision, headaches, digestive issues, shortness of breath, sudden fatigue, and waking up unable to breath." *Id.* Petitioner also claims that he has been denied adequate health care in the treatment of these symptoms at Macoupin County Jail.

For relief, petitioner asks that the Court grant him a hearing regarding his first two grounds for relief; grant him a "Franks Hearing" concerning Assistant U.S. Attorney Bird's prosecutorial misconduct and bias; dismiss the indictment (which he has now plead guilty to) with prejudice; and order his release from confinement. ECF No. 1 at 22.

### Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241 as well. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any

or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  For the reasons discussed below, petitioner's § 2241 petition will be summarily dismissed.

Jurisdiction over a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 lies either in the district of physical confinement or in the district in which a custodian against whom the petition is properly directed is present. *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976); *see also* 28 U.S.C. § 2241(a).  According to the Supreme Court, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Petitioner is currently confined at Macoupin County Jail in Carlinville, Illinois.  This is not located within the Eastern District of Missouri.  Also, there does not appear to be a custodian present in this district over whom this Court would have jurisdiction.  Petitioner's custodian is located within the Central District of Illinois.  28 U.S.C. § 93(b).  Consequently, this Court lacks jurisdiction to grant the writ, and this case is subject to dismissal pursuant to Fed. R. Civ. P. 12(h)(3) for lack of jurisdiction.

However, under 28 U.S.C. § 1631, a District Court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other Court in which such action could have been brought.  In this case, the Court finds that the interests of justice do not justify transfer of this case because petitioner's claims are not cognizable claims under 28 U.S.C. § 2241.

Since the filing of this action, petitioner has pled guilty in his criminal case but he is still awaiting sentencing.  Generally, pre-trial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*,

816 F.2d 220, 224 (5th Cir. 1987).  However, "[t]o be eligible for habeas corpus relief under §

2241, a federal pretrial detainee generally must exhaust other available remedies."  *Hall v. Pratt*,

97 F. App'x 246, 247 (10th Cir. 2004) (citing *Fassler v. United States*, 858 F.2d 1016, 1018 (5th

Cir. 1988)); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Moore v. United States*,

875 F. Supp. 620, 623 (D. Neb. 1994).

Furthermore, it is well established that a criminal defendant cannot file a petition for writ

of habeas corpus to raise defenses to a pending federal criminal prosecution.  *Jones v. Perkins*, 245

U.S. 390, 391 (1918) (citations omitted) (stating that "in the absence of exceptional circumstances

in criminal cases the regular judicial procedure should be followed and habeas corpus should not

be granted in advance of a trial."); *see also Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139

(7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere

with, the proceedings in an ongoing federal criminal case).  When habeas claims raised by a federal

pretrial detainee would be dispositive of the pending federal criminal charges, principles of judicial

economy require that the petitioner first present those claims to the trial court, and then raise them

on direct appeal if permissible.  *Moore*, 875 F. Supp. at 624.

In this case, petitioner has not exhausted other available remedies.  Plaintiff has a pending

"Motion for Release from Detention Pending Sentencing" in his criminal matter.  *Shaw*, No. 4:20-

CR-56-RWS, ECF No. 74.  In addition, petitioner seeks a writ of habeas corpus that would dispose

of his federal criminal case – he seeks a dismissal of his criminal case and his release from

confinement.  Petitioner has made no effort to explain why his claims cannot be handled in his

ongoing criminal proceeding, nor has he shown that there are any exceptional circumstances that

would allow him to bypass the normal procedure for raising such claims.[1]

---

[1] The Court notes that petitioner's fourth ground for relief concerning the conditions of confinement at the Macoupin County Jail may be more appropriately raised in a complaint for relief under 42 U.S.C. § 1983.  Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of

Therefore, relief under § 2241 is unavailable to petitioner in this Court.[2]  To determine otherwise would interfere with the trial judge's control over petitioner's case, encourage 'judge shopping,' and cause needless duplication of judicial resources.  The Court will therefore deny the petition.  The Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** as moot.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of March, 2021.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, challenges involving the circumstances or conditions of confinement are often presented in a § 1983 action.

[2] A habeas petition under 28 U.S.C. § 2241 is a valid means of court review only in limited situations.  *Anderson v. Pettiford*, 2007 WL 1577673 at *3 (D. S.C. May 31, 2007).  Examples of an appropriate use of § 2241 include "actions challenging the administration of parole; computation of good time or jail time credits; prison disciplinary actions; or imprisonment allegedly beyond the expiration of a sentence."  *Id.* (internal citations omitted).